**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO:  1:26-cv-23916**

PHILADELPHIA INDEMNITY INSURANCE
COMPANY, a foreign corporation,

        Petitioner,

vs.

WILD LIME ADVENTURES, INC., a Florida
Corporation; and SUSAN SUSSMAN, a New
Jersey citizen,

        Respondents.

_____/

## PETITION FOR DECLARATORY RELIEF

COMES NOW the Petitioner, PHILADELPHIA INDEMNITY INSURANCE COMPANY ("PIIC"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 2201 and 1332, and files this Petition for Declaratory Relief, and states:

## JURISDICTION AND VENUE

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 for the purposes of determining an actual controversy between the parties as to the scope of PIIC's obligations, if any, to defend and indemnify Wild Lime Adventures, Inc. for the claims asserted against it in the lawsuit styled *Susan Sussman v. Wild Lime Adventures Inc. and Bayou Boys Boat Rentals LLC a/k/a New Orleans Airboat Tours LLC*, Case No. 2025-020779-CA-01, currently pending in the Eleventh Judicial Circuit Court for Miami-Dade County, Florida (the "Underlying Action").

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 2201 and 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of attorney's fees, interest and costs.

3. Venue is proper in this Court because the events or omissions giving rise to the claims set forth below occurred in Miami-Dade County and the Underlying Action is pending in Miami-Dade County.

## PARTIES

4. PIIC is a foreign insurer and Pennsylvania Corporation, incorporated under the laws of the state of Pennsylvania, domiciled in and with its principal place of business in Pennsylvania. PIIC is therefore not a citizen of the State of Florida.

5. Wild Lime Adventures, Inc. ("Wild Lime") is a Florida corporation, incorporated under the laws of the state of Florida, domiciled in and with its principal place of business in Broward County, Florida. Wild Lime is therefore a citizen of the State of Florida.

6. Susan Sussman is domiciled in New Jersey and therefore a citizen of the state of New Jersey.

## FACTS

7. PIIC issued a commercial lines insurance policy to Wild Lime as the named insured, policy number PHPK2582266 effective July 18, 2023, to July 18, 2024 (the "Policy"). A copy of the Policy is attached as **Exhibit "A"**.

8. The Policy contains the following pertinent insuring agreement in the Commercial General Liability Coverage Form:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

   **1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

    **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B.**

**b.** This insurance applies to "bodily injury" and "property damage" only if:

    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

    **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any

3

continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

\*\*\*

9.    The Policy further contains the following pertinent definitions in the Commercial General Liability Coverage Form:

### SECTION V – DEFINITIONS

\*\*\*

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*\*\*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

10.    The Policy also contains the following pertinent endorsements:

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### EXCLUSION – DESIGNATED ONGOING OPERATIONS (CG 21 53 01 96)

4

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Description of Designated Ongoing Operation(s):**
Any/All Craft beer tours; Any/All Fan/Air Boat tours, rides, activities or operations; Any/All Snorkeling and SCUBA tours, activities or operations.

**Specified Location (If Applicable):**
Any and all

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The following exclusion is added to paragraph **2.**, Exclusions of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I – Coverages):

This insurance does not apply to "bodily injury" or "property damage" arising out of the ongoing operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies only to the described ongoing operations conducted at that "location".

For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

\*\*\*

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

5

**LIMITATION OF COVERAGE TO DESIGNATED ACTIVITIES (PI-GO-008 (08/08))**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Activities:**
**Kayak and Eco/Nature Hiking and Urban walking Tours only.**

This insurance applies only to "bodily injury," "property damage," "personal and advertising injury," and medical expenses arising out of the **Activities** listed in the above **SCHEDULE.**

All other terms and conditions of this policy remain unchanged.

\*\*\*

11.  At issue in this matter are claims arising out of the Underlying Action brought by Susan Sussman against Wild Lime and Bayou Boys Boat Rentals LLC a/k/a New Orleans Airboat Tours LLC ("Bayou Boys").

12.  The operative Amended Complaint in the Underlying Action was filed on February 2, 2026 ("Underlying Complaint"). The Underlying Complaint is attached hereto as **Exhibit "B"**.

13.  The Underlying Complaint alleges that Plaintiff was in Florida for vacation when she booked a tour through Wild Lime and, on December 2, 2023, participated in the subject tour and airboat ride at Everglades Holiday Park. Ex. B, ¶¶ 7-8.

14.  The Underlying Complaint further alleges that Wild Lime sold and led the tour, arranged for Plaintiff and the other participants to be transported to the park, and then led the group onto the subject airboat ride. Ex. B, ¶¶ 3-4, 7-8.

15.  Plaintiff alleges that Bayou Boys owned, operated, and maintained the airboat used for the ride. Shortly after the airboat ride began, it is alleged that another passenger pointed out an

alligator, Plaintiff stood up to look, and she then tripped on uneven and unsafe flooring on the airboat and fractured her ankle.  Ex. B, ¶¶ 4, 9.

16.     The Underlying Complaint alleges negligence against Wild Lime (Count I) based on alleged failures to provide adequate warnings and instructions to patrons participating in Wild Lime-facilitated and led tours. Ex. B, ¶¶ 13-16.

17.     The Underlying Complaint also alleges negligent hiring and retention against Wild Lime (Count II), asserting that Wild Lime selected and continued to use Bayou Boys as a vendor to provide airboat rides for Wild Lime's tours and patrons, and that Wild Lime allegedly failed to reasonably vet whether Bayou Boys safely ran and administered airboat rides, properly trained its staff, adequately advised patrons of rules for airboat rides, warned of the dangers of riding on an airboat, carried proper and current insurance, and otherwise took appropriate measures to safely operate airboats. Ex. B, ¶¶ 17-20.

18.     PIIC has been providing a defense for Wild Lime as to the Underlying Action under a full reservation of all rights, and has advised Wild Lime of PIIC's right to seek reimbursement of defense costs incurred by PIIC in the defense should it be determined there is no duty to defend. *See* Reservation of Rights letter dated May 4, 2026, attached as **Exhibit "C"**.

19.     Susan Sussman is a necessary party to this action as her rights, if any, may be impacted by this Court's declaration.

<u>**COUNT I – NO DUTY TO DEFEND WILD LIME**</u>

20.     PIIC realleges and incorporates the allegations contained within paragraphs 1 through 19 as if fully set forth herein.

21.     The Policy's Designated Ongoing Operations Exclusion Endorsement excludes "bodily injury" or "property damage" arising out of "Any/All Craft beer tours; Any/All Fan/Air Boat tours, rides, activities or operations; Any/All Snorkeling and SCUBA tours, activities or

operations," regardless of whether such operations are conducted by Wild Lime or on its behalf. *See* Ex. A.

22. The Underlying Complaint alleges "bodily injury" arising out of an airboat tour and airboat ride at Everglades Holiday Park. Both Count I (Negligence) and Count II (Negligent Hiring and Retention) of the Underlying Complaint arise out of the airboat tour and airboat ride operations. Specifically:

a. Count I of the Underlying Complaint alleges that Wild Lime failed to warn patrons of dangerous conditions and failed to provide proper instructions in connection with a Wild Lime-facilitated airboat tour.

b. Count II of the Underlying Complaint alleges that Wild Lime negligently selected and retained Bayou Boys as a vendor to provide airboat rides for Wild Lime's tours.

23. Accordingly, both Counts I and II of the Underlying Complaint fall within the Policy's Designated Ongoing Operations Exclusion Endorsement, which independently bars coverage for all claims asserted against Wild Lime in the Underlying Complaint.

24. Independently and alternatively, the Policy's Limitation of Coverage to Designated Activities Endorsement provides that the insurance applies *only* to "bodily injury," "property damage," "personal and advertising injury," and medical expenses arising out of "Kayak and Eco/Nature Hiking and Urban walking Tours only." *See* Ex. A.

25. The Underlying Complaint alleges "bodily injury" arising out of an airboat tour — an activity that is plainly not a Kayak, Eco/Nature Hiking, or Urban Walking Tour. Both Count I and Count II of the Underlying Complaint are premised on injuries sustained during, and in connection with, an airboat ride and airboat tour operations. Specifically:

a. Count I alleges failures to warn and instruct patrons in connection with a Wild Lime-facilitated airboat tour, which does not fall within the designated covered activities.

b. Count II alleges negligent hiring and retention in connection with Wild Lime's selection and use of an airboat ride vendor.

26. Because both the Designated Ongoing Operations Exclusion Endorsement and the Limitation of Coverage to Designated Activities Endorsement independently bar coverage for all claims asserted against Wild Lime in the Underlying Complaint, PIIC owes no duty to defend Wild Lime in the Underlying Action.

27. In view of the foregoing, an actual and present controversy exists between the parties as to the scope of PIIC's obligation to defend Wild Lime with regard to the Underlying Action.

WHEREFORE, the Petitioner, PIIC, requests that this Court declare the rights, status, obligations and duties of the parties under the Policy, including but not limited to, the following:

A. That PIIC has no obligation under the Policy to defend Wild Lime with regard to the claims in the Underlying Complaint;

B. That PIIC is entitled to reimbursement of all defense costs incurred in defending Wild Lime prior to this Court's declaration;

C. That the Court's declaration be binding on all parties to this action;

D. That all costs of this action be awarded to PIIC shall it prevail; and

E. That PIIC be awarded any such further relief in law or equity to which it may be entitled.

## COUNT II – NO DUTY TO INDEMNIFY WILD LIME

28. PIIC realleges and incorporates the allegations contained within paragraphs 1 through 19 as if fully set forth herein.

9

29.     The Policy's Designated Ongoing Operations Exclusion Endorsement excludes "bodily injury" or "property damage" arising out of "Any/All Craft beer tours; Any/All Fan/Air Boat tours, rides, activities or operations; Any/All Snorkeling and SCUBA tours, activities or operations," regardless of whether such operations are conducted by Wild Lime or on its behalf. *See* Ex. A.

30.     As set forth in Count I above, both Count I (Negligence) and Count II (Negligent Hiring and Retention) of the Underlying Complaint allege "bodily injury" arising out of Wild Lime's airboat tour operations. The negligent hiring and retention theory does not remove the claims from the scope of the Exclusion.

31.     Accordingly, both counts of the Underlying Complaint fall within the Policy's Designated Ongoing Operations Exclusion Endorsement, which independently bars indemnity coverage for any judgment or settlement arising from the claims asserted against Wild Lime in the Underlying Complaint.

32.     Independently and alternatively, the Policy's Limitation of Coverage to Designated Activities Endorsement provides that the insurance applies *only* to "bodily injury," "property damage," "personal and advertising injury," and medical expenses arising out of "Kayak and Eco/Nature Hiking and Urban walking Tours only." *See* Ex. A.

33.     As set forth in Count I above, both counts of the Underlying Complaint arise out of an airboat tour — an activity that falls outside the designated covered activities identified in the Limitation Endorsement. No covered activity is implicated by either the negligence claim or the negligent hiring and retention claim asserted against Wild Lime in the Underlying Complaint.

34.     Because both the Designated Ongoing Operations Exclusion Endorsement and the Limitation of Coverage to Designated Activities Endorsement independently bar coverage, PIIC

owes no duty to indemnify Wild Lime for any judgment or settlement entered against it in the Underlying Action.

35.     In view of the foregoing, an actual and present controversy exists between the parties as to the scope of PIIC's obligation to indemnify Wild Lime with regard to the Underlying Action.

WHEREFORE, the Petitioner, PIIC, requests that this Court declare the rights, status, obligations and duties of the parties under the Policy, including but not limited to, the following:

A.  That PIIC has no obligation under the Policy to indemnify Wild Lime with regard to the claims in the Underlying Complaint;

B.  That the Court's declaration be binding on all parties to this action;

C.  That all costs of this action be awarded to PIIC should it prevail; and

D.  That PIIC be awarded any such further relief in law or equity to which it may be entitled.

Dated:  June 4, 2026.

Respectfully submitted,

**SIMON, REED & SALAZAR, P.A.**

*/s/ Michael Simon*
MICHAEL SIMON
Florida Bar No. 0062790
BRIAN S. JACOBSON
Florida Bar No. 0044240
Two Datran Center
9130 S. Dadeland Blvd., Suite 1209
Miami, Florida 33156
Tel.: (305) 670-0776
Email: msimon@simonreedlaw.com
Email: bjacobson@simonreedlaw.com
*Counsel for PIIC*

11